IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN STEWART, # 68206, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-974-NJR |
| | ) |
| JOHN LAKIN, | ) |
| GARY BOST, | ) |
| and MIKE TASSONE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff John Stewart, a pretrial detainee currently incarcerated at the Madison County Jail ("the Jail"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that Defendants failed to protect him from two fellow inmates who beat him severely.

According to the complaint, in May 2015, two fellow detainees on Cellblock C-North threatened to assault Plaintiff (Doc. 1, p. 5). Plaintiff reported the threats to Defendant Tassone, but he did nothing to protect Plaintiff from harm and left the cellblock. Soon after Defendant Tassone left the area, the two detainees who issued the threat attacked Plaintiff and beat him for at least twenty minutes. The beating knocked Plaintiff unconscious, and left him with face and head trauma and bruises all over his body. When Plaintiff regained consciousness, he went to his cell. The prisoners who beat him then told Plaintiff that their fellow gang members would kill him if he pressed charges against them over the attack.

Several hours later, somebody else reported the beating, and Plaintiff was taken to a private room for an interview. He declined to press charges, because Defendant Tassone had

done nothing to protect him from the beating, and he had no reason to believe he would be protected from the threat of further harm. Plaintiff was then moved to a different cellblock.

In addition to his claim against Defendant Tassone, Plaintiff asserts that Defendants Bost and Lakin should be held responsible for his injuries. As administrators, they maintain a Jail policy that deputies are to conduct observation rounds at 30-minute intervals. Further, the Jail is not equipped with any "panic button" system for detainees to summon help if they are in danger while a deputy is not present. As a result of these conditions, Plaintiff claims that inmates are free to attack other prisoners for a 30-minute period without interference, once the deputies' rounds have been completed. This is what happened to him. Plaintiff claims that such attacks have occurred on a regular basis, and that Defendants Bost and Lakin know about the high level of violence that is prevalent in the Jail.

Plaintiff seeks compensatory and punitive damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its

face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

> **Count 1:** Fourteenth Amendment claim against Defendant Tassone, for failing to take any steps to prevent the attack on Plaintiff after being notified of a direct, imminent threat;
>
> **Count 2:** Fourteenth Amendment claim against Defendants Lakin and Bost, for maintaining conditions, policies, and practices at the Jail which allowed dangerous inmates to attack Plaintiff, and left him with no ability to summon Jail officers for help.

Because Plaintiff is a pretrial detainee, he correctly invokes the Fourteenth Amendment as the basis for his claims. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000) (§ 1983 claims brought by detainees arise under the Fourteenth Amendment and not the Eighth Amendment). Even so, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

**Count 1 – Failure to Protect**

Jail officials have a duty to protect pretrial detainees from violence caused by other inmates, *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006), however, liability attaches only where the officer was aware that the detainee faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). In order to prevail on his claim against Defendant Tassone, Plaintiff must show first that he was at risk of harm, and that Defendant Tassone knew about this risk and disregarded it. *See Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). This is exactly what Plaintiff has alleged in the complaint. **Count 1** shall proceed for further review.

**Count 2 – Dangerous Conditions of Confinement**

Under the Eighth Amendment, two elements are required to establish a constitutional violation for conditions of confinement in prison. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element–establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842.

The Seventh Circuit has historically applied these Eighth Amendment criteria equally to 'cruel and unusual punishment' claims brought by a detainee under the Fourteenth Amendment. *See Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008). In *Kingsley v. Hendrickson*, 135 S. Ct. 2466, __U.S.__ (2015), however, the Supreme Court recently ruled that a pretrial detainee's Fourteenth Amendment due process claim regarding the use of excessive force turned on the objective reasonableness of the use of force. The high court declined to

decide whether such an objective standard might suffice in a case involving mistreatment of a detainee, because the defendants in that case did not dispute that they had acted purposefully or knowingly. Nevertheless, the *Kingsley* Court noted that an objective standard had been applied in *Bell v. Wolfish*, 441 U.S. 520, 541-43 (1979), relative to a variety of prison conditions, including double-bunking. *Kingsley*, 135 S. Ct. at 2472-74. *Bell* did not specifically state that an objective standard applied; rather, the *Kingsley* Court characterized the "rationally related" and "appears excessive in relation to a legitimate nonpunitive governmental purpose" standards as being objective.

In light of this recent authority, this Court will not expound regarding the mental state that may apply to Plaintiff's claims against Defendants Lakin and Bost. The Court notes that it may be inferred from the complaint that these Defendants acted knowingly in maintaining the conditions and practices that, according to Plaintiff, created an excessive risk to his safety.

Additionally, when a plaintiff sues an individual in his official capacity, the suit is treated as if the plaintiff has sued the municipality itself. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). Plaintiff does not elaborate as to whether he is suing Defendants Lakin and Bost (the Sheriff and Jail Superintendent, respectively) in their official or individual capacities. (He incorrectly alleges that they are state employees, when in fact they are county officials.) In order to obtain relief against a municipality (a county or city), a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi*, 449 F.3d at 765. Plaintiff's allegations in Count 2 are based upon the conditions, policies, and customs of the Madison County Jail. Giving liberal construction to the *pro se* complaint, the Court shall treat the claims in Count 2 as being brought both against Defendants Lakin and Bost

as individuals, and as official-capacity claims against Madison County.

At this early stage, Plaintiff's claims in **Count 2** shall be allowed to proceed for further consideration.

**Pending Motion**

Plaintiff's motion for service of process at government expense (Doc. 3) is **GRANTED.** Service shall be ordered below on each Defendant.

**Disposition**

The Clerk of Court shall prepare for Defendants **LAKIN, BOST,** and **TASSONE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 23, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**