IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-974-JPG-DGW |
| | ) |
| JOHN LAKIN, GARY BOST, and MIKE TASSONE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Extension of Time filed by Plaintiff on November 15, 2016 (Doc. 31) and the Motion for Extension of Time filed by Defendants on January 6, 2017.  Both Motions are **GRANTED.**

Defendants served interrogatories and requests to produce on Plaintiff on March 15, 2016. Plaintiff responded to the interrogatories but did not respond to the requests to produce. Defendants sought to compel answers to the requests to produce on June 23, 2016 (Doc. 25), to which Plaintiff did not respond, and that request was granted in part on October 24, 2016 (Doc. 29).  Plaintiff was ordered to respond to the requests to produce by November 10, 2016 and was warned of the consequences of failing to do so.

On November 11, 2016, Plaintiff filed a motion seeking 30 more days to respond to the requests to produce and the motion to compel (Doc. 31).  Plaintiff states that because of a prison transfer, he was not aware of the November 10 deadline until November 4.  He also states that he has limited access to the law library at Shawnee CC, here he was housed at the time and where he is currently housed.  Plaintiff then filed a response to the motion to compel (Doc. 25) on November 17, 2016 (Doc. 32), essentially stating that he does not have possession of the

documents requested and providing a medical records authorization form. Defendants, while acknowledging the filing of Document 32, filed a motion to dismiss for lack of prosecution and/or failure to comply with the Court's Orders (Doc. 35). Defendants also seek an extension of the deadlines in this matter in light of the discovery disputes.

The Court has considered Plaintiff's motion (Doc. 31) and response (Doc. 32) and finds that Plaintiff has substantially complied with Federal Rule of Civil Procedure 34, in light of his *pro se* and incarcerated status. Attached to the response is the only document that Plaintiff has in his possession, namely the incident field report. This document responds to Defendants' request to produce # 1. As to the other requests, the Court finds that Plaintiff necessarily answers that he does not have possession of any such documents. However, because "it is well established that pro se litigants are not excused from compliance with procedural rules," Plaintiff shall be required to formerly respond to Defendants' request to produce. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). To that end, the Clerk of Court is **DIRECTED** to send to Plaintiff a copy of Document 25-1, pages 1-6 and 12. Plaintiff shall respond to the requests to produce, it is sufficient to indicate that such documents are not in his possession, and shall mail his responses to Defense counsel **and shall submit them to the Court** by **February 28, 2017**. Therefore, Plaintiff's motion for extension of time to produce documents is **GRANTED**.

Defendants' motion also is **GRANTED**. The discovery deadline is extended to **May 1, 2017** and the dispositive motion filing deadline is extended to **May 15, 2017**.

**DATED: February 8, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**