IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN STEWART, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:15-cv-974-JPG-DGW |
| JOHN LAKIN, GARY BOST, AND MIKE TASSONE, | ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Compel filed by Plaintiff, John Stewart, on April 13, 2017 (Doc. 44). The Motion is **DENIED**.

Plaintiff seeks to compel responses to interrogatories and requests to produce sent on February 17, 2017 to Defendants. Plaintiff did not provide a copy of his discovery requests and only highlighted two requests for which he seeks additional answers. Plaintiff first seeks an answer to an interrogatory seeking the job duties of John Lakin and Gary Bost, Defendants herein. Defendants generally objected to the request (noting that it is not limited in time) and provided an organizational chart of the Madison County Jail (Interrogatory 1, Doc. 45-1, p. 15). Next, Plaintiff seeks the disciplinary records of two other inmates, Moody and Lee, who were the detainees who allegedly assaulted him (Interrogatory 5, Doc. 45-1, p. 16). Defendants objected that this interrogatory is broad, seeks irrelevant information, and that such information is confidential. Plaintiff has identified no other specific discovery request for which he requires an additional answer.

Defendants are correct in objecting that these interrogatories are overly broad because

Plaintiff does not place time limitations on these requests. Defendants also are correct in noting that what other crimes other inmates may be charged with are not relevant to the claims in this case. As such, the motion must be denied.

However, the time period of Plaintiff's claims is limited to May, 2015. Defendants are therefore **DIRECTED** to supplement their responses (if necessary) with that time period in mind. For example, Defendants should be able to produce a job description and/or list of job duties, of Sheriff Lakin and Gary Bost as it relates to the Madison County Jail, during May 2015. Defendants also should be able to produce various policies during that time period related to requests for protective custody, the grievance procedure, and prisoner-upon-prisoner violence. That is, while Plaintiff's requests are inartful and broad, Defendants should be able to provide policies and procedures that relate to the claim in this case, that Defendants failed to protect Plaintiff and that they retain unconstitutional related policies. Defendants shall supplement their discovery responses by **June 2, 2017** (to the extent possible).

**DATED: May 22, 2017**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**