UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN STEWART,

      Plaintiff,

    v.

JOHN LAKIN, GARY BOST and MIKE TASSONE,

      Defendants.

Case No. 15-cv-974-JPG-DGW

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 62) of Magistrate Judge Donald G. Wilkerson recommending that the Court grant in part and deny in part the motion for summary judgment filed by the defendants (Doc. 47). Specifically, Magistrate Judge Wilkerson recommends granting summary judgment for defendants John Lakin and Gary Bost on Count 2, plaintiff John Stewart's conditions of confinement claim, and denying summary judgment as to defendant Mike Tassone on Count 1, Stewart's failure to protect claim. Stewart has objected to the Report (Doc. 66).

## I.    Review Standard

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II.    Background

At all relevant times, Stewart was a detainee at the Madison County Jail. He claims that in

April 2015 the defendants failed to protect him from two detainees who beat him severely for twenty minutes.   Specifically, he claims immediately before the attach he told Tassone that he was about to be jumped by other detainees who had threatened him and that he needed to be moved.   Tassone walked away and did nothing to protect him, and the attack ensued.   He claims Lakin and Bost were responsible for allowing periods in which detainees were free to attack other detainees.   He claims they knew about high levels of violence in the jail but only scheduled observation rounds at least every thirty minutes, as required by the Illinois county jail standards, 20 Ill. Admin. Code § 701.130(a)(2),[1] by failing to have a panic button in each cellblock, and by allowing an investigation to be called off at a victim's request.

## III.    The Report and Objections

### A.    Count 1:   Against Tassone for Failure to Protect

In the Report, Magistrate Judge Wilkerson concluded that, although it was a close call, there was evidence from which a reasonable jury could conclude that Tassone knew of an imminent risk to Stewart's safety and was deliberately indifferent to that risk by doing nothing. Stewart does not object to this portion of the Report.   The Court has reviewed it for clear error and, finding none, will adopt this portion of the Report.

### B.    Count 2:   Against Lakin and Bost for Conditions of Confinement

In the Report, Magistrate Judge Wilkerson concluded that allowing a victim to request termination of an investigation could not have caused Stewart any constitutional deprivation because the investigation necessarily occurred after the alleged deprivation.   As for the policy requiring observation rounds at least every thirty minutes, Magistrate Judge Wilkerson concluded

---

[1] 20 Ill. Admin. Code § 701.130(a)(2) states, "A jail officer shall provide personal observation, not including observation by a monitoring device, at least once every 30 minutes.   A record of the observation shall be documented in the shift record."

that the policy had no causal connection Tassone's alleged deliberate indifference or to the attack

on Stewart and was, on the contrary, designed to ensure jail personnel detect any improper activity

by patrolling on a regular basis.   He also concluded that no evidence showed Lakin and Bost

individually knew the risk to Stewart posed by the policy.

### 1.   Investigation Policy

Stewart does not object to the portion of the Report relating to the policy allowing a victim

to request termination of an investigation.   The Court has reviewed that portion of the Report for

clear error and, finding none, will adopt it.

### 2.   Observation Rounds Policy

Stewart objects to the portion of the Report relating to the policy regarding the frequency of

observation rounds.   He notes that, because of this policy, his attackers knew that as soon as

Tassone left the cellblock, they had a thirty-minute period where they were free to attack Stewart

for a lengthy period.   The policy, he claims, is directly responsible for the timing and duration of

his attack.

### a.   Individual Capacity Claims

Because Stewart was a pretrial detainee, his conditions of confinement claim falls under

the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment Cruel and

Unusual Punishment Clause.   However, historically, courts have applied the same legal

standards.  *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015).   The test for an Eighth

Amendment violation has two components, an objective and a subjective one.   *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994).   First, the condition of confinement about which the inmate

complains must be objectively serious; it must result in the denial of "'the minimal civilized

measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, the official must have a sufficiently culpable state of mind, that is, he must at a minimum be deliberately indifferent. *Farmer*, 511 U.S. at 834. An official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

However, there has been some uncertainty about whether *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), changed this standard for pretrial detainees. In *Kingsley*, a pretrial detainee sued for excessive force, and the Supreme Court held that the appropriate standard was whether the officers' purposeful or knowing use of force was objectively unreasonable, not whether the officers were subjectively aware that their use of force was unreasonable. *Id.* at 2470. *Kingsley* calls into question whether deliberate indifference is the correct standard for a pretrial detainee's conditions of confinement claim, but the Seventh Circuit Court of Appeals has left open the question of whether the Eighth Amendment standard still applies. *Smego v. Jumper*, 707 F. App'x 411, 412 (7th Cir. 2017); *see Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016) (applying Eighth Amendment standard to inadequate medical treatment claim). *But see Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856-58 (7th Cir. 2017) (applying objective unreasonableness standard to conditions of confinement claim).

However, whether the objective reasonableness or deliberate indifference standard applies, the result is the same: Lakin and Bost are entitled to summary judgment on Count 2. The Court has reviewed the matter *de novo* and has determined that there is no evidence from which a reasonable jury could find that they enacted or implemented the policy of requiring observation rounds at least every thirty minutes unreasonably or with deliberate indifference to the risk it posed to Stewart between the observation times.

To be deliberately indifferent, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. It is possible to show that an official actually knew of the risk because of circumstantial evidence or because the risk was obvious, longstanding, pervasive or well-documented. *Farmer*, 511 U.S. at 842; *Mayoral v. Sheahan*, 245 F.3d 934, 938-39 (7th Cir. 2001). In addition, the risk must be a "tangible threat to [the detainee's] safety or well-being," *see Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir.2008), and "the conditions presenting the risk must be *sure or very likely* to cause . . . needless suffering, and give rise to sufficiently *imminent* dangers," *Baze v. Rees,* 553 U.S. 35, 50 (2008) (Roberts, C.J., plurality opinion; emphasis in original; internal citations and quotations omitted).

No evidence, direct or circumstantial, suggests Lakin or Bost was aware of the alleged high level of violence at the jail between observation rounds, much less that either of them was aware of any "tangible threat" to Stewart's safety posed by the policy before he was attacked. Thus, they could not have been deliberately indifferent to his safety needs.

Nor does any evidence suggest they were unreasonable in enacting and implementing the policy regarding the frequency of observation rounds. Lakin and Bost adopted a policy that complied with the Illinois county jail standards, which require that observational rounds be made "at least once every 30 minutes." 20 Ill. Admin. Code § 701.130(a)(2). Notably, the policy implemented by Lakin and Bost does not *limit* the observation rounds to one every thirty minutes but sets a *minimum* requirement. Where it is not feasible to observe every cellblock at all times, this was a reasonable effort to ensure rounds are made frequently enough to monitor detainees' well-being – *at least, but not limited to*, once every thirty minutes. This was an objectively

reasonable response to a generalized level of danger inherent in jails but is not enough to support a constitutional violation where no specific threat to any inmate is known. Jails and prisons are inherently dangerous places where all risk cannot be eliminated. *See Brown v. Budz,* 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch,* 375 F.3d 521, 525 (7th Cir. 2004).

For these reasons, the Court finds that Lakin and Bost, in their individual capacities, were not deliberately indifferent to Stewart's safety needs and did not respond in an objectively unreasonable manner to those needs. They are entitled to summary judgment on Count 2 for Stewart's individual capacity claims.

### b. Official Capacity Claims

"A suit against a governmental officer in his official capacity is really a suit against the entity of which the officer is an agent." *Franklin v. Zaruba*, 150 F.3d 682, 684 n. 2 (7th Cir. 1998) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). In this case, the governmental entity is the sheriff's office.[2] *See Franklin*, 150 F.3d at 686 ("§ 1983 suits against sheriffs in their official capacities are in reality suits against the county sheriff's department"). A municipality such as a sheriff's office may not be held liable under §1983 on a *respondeat superior* theory. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 (1978). However, it can be liable under § 1983 if (1) it had an express policy calling for constitutional violations, (2) it had a widespread practice of constitutional violations that was so permanent and well settled as to constitute a custom or usage with the force of law, or (3) if a person with final policymaking authority for the county caused the constitutional violation. *Monell*, 436 U.S. at 694; *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir.

---

[2] Contrary to the defendants' position, they are not agents of Madison County. Under Illinois law, a sheriff is an independently elected constitutional officer who is not an agent or employee of the county. Nor are his deputies. *See* Ill. Const. art. 7, § 4(c); 55 ILCS 5/3-6008; *Moy v. County of Cook*, 640 N.E.2d 926, 931 (Ill. 1994).

2000). A municipality is liable only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," is the moving force behind the constitutional violation. *Monell*, 436 U.S. at 694.

With respect to Stewart's official capacity claims against Lakin as sheriff of Madison County and Bost as the jail administrator, there is also no evidence from which a reasonable jury could find the policy of conducting observation rounds at least every thirty minutes violated the constitution. As noted above, the policy set a minimum standard, was a reasonable effort to monitor detainees' well-being in compliance with state jail standards, and was not the moving force behind the unfortunate attack on Stewart.

For these reasons, the Court finds that Lakin and Bost, in their official capacities, are entitled to summary judgment on Count 2.

3.    Panic Button Policy

The Court further notes that Stewart's complaint also asserts that the jail's policy of not having a panic button in each cellblock violated his constitutional rights. The defendants raised this issue in their summary judgment motion, but Stewart did not address the policy in his response, and Magistrate Judge Wilkerson did not address it in the Report. However, for the same reasons the Court finds Lakin and Bost cannot be liable for failing to require rounds more often than every thirty minutes, it finds they cannot be liable for failing to have a panic button in each cellblock that Stewart might have used to summon help. There is no evidence they knew about the alleged high level of violence at the jail between observation rounds or any specific threat to Stewart, or that policy of not having panic buttons (alone, or in combination with the observational round policy) was adopted with deliberate indifference or was objectively

unreasonable.   *See Phipps v. Collman*, No. 16-cv-857-JPG, 2016 WL 4540896, at *3 (S.D. Ill. Aug. 31, 2016).

## IV.   Conclusion

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report (Doc. 62) **AS SUPPLEMENTED** by this order;

- **OVERRULES** Stewart's objections (Doc. 66);

- **GRANTS in part** and **DENIES in part** the defendants' motion for summary judgment (Doc. 47).   The motion is granted to the extent it seeks summary judgment against Lakin and Bost on Count 2 and is denied to the extent it seeks summary judgment against Tassone on Count 1; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

Defendants Lakin and Bost are terminated from this case.   Count 1 against Tassone will proceed to trial.

The Court notes that Magistrate Judge Wilkerson has indicated he will appoint counsel for the trial of the remaining claim in this case.   To allow for sufficient time to recruit counsel and for counsel to become familiar with this case, the Court **VACATES** the current final pretrial conference and trial dates, which Magistrate Judge Wilkerson will reset at his final pretrial conference after consulting counsel for both remaining parties.   In light of this ruling, the Court **DENIES as moot** the defendants' motion for an extension of time to submit a final pretrial order and motions in limine (Doc. 67).

**IT IS SO ORDERED.**
**DATED:   March 7, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**