UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN STEWART,

    Plaintiff,

v.

MIKE TASSONE,

    Defendants.

Case No. 15-cv-974-JPG-MAB

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on plaintiff John Stewart's request for redaction (Doc. 115) of the transcript (Doc. 113) of the April 30, 2019, Final Pretrial Conference (Doc. 111) at which the Court heard argument on the parties' motions *in limine*. The nature of Stewart's prior convictions was revealed during the discussions regarding the motions, and Stewart now seeks to redact that information from the record on the grounds that it is irrelevant and would be prejudicial to his case. He notes that the information is publicly available, but argues that it would be prejudicial should a juror look at the docket sheet during the trial, read the transcript, and learn of the nature of his prior convictions.

    Judicial proceedings leading to a final decision and materials on which a judicial decision rests are presumptively in the public domain. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *overruled in part on other grounds by TRP LLC v. Orix Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016); *Methodist Hosps. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996); *cf. Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). "Public scrutiny over the court system serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." *Grove Fresh*, 24 F.3d at 897; *see generally Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). The common law holds that court proceedings "should be open to the public unless the court finds that its records are

being used for improper purposes." *Grove Fresh*, 24 F.3d at 897. There are exceptions, however, to the general rule of access. For example, a court may seal records to protect trade secrets or other kinds of information deserving of long-term confidentiality. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (to protect business information that could harm litigant's competitive standing). The same standards apply to requests for redaction of only portions of transcripts or documents.

Nothing Stewart argues convinces the Court that redacting portions of a transcript of a public hearing is warranted. First, jurors will be instructed not to conduct private research into the facts of this case. The Court presumes they will follow this instruction, and it will not withhold publicly available information from a transcript of a public hearing in the absence of a clear indication any juror will disregard this instruction. Second, the transcript, which was prepared and filed under seal on May 7, 2019, will not be unsealed until 90 days later. *See* Transcript Policy of the United States District Court for the Southern District of Illinois, available at http://www.ilsd.uscourts.gov/forms/TransPolicy.pdf. That is long after the trial of this case, scheduled to begin June 17, 2019, will have concluded. Thus, even if an errant juror were to come across the docket sheet in this case, he or she would not be able to see the transcript. In sum, Stewart has not offered any good cause for redacting portions of the transcript of the April 30, 2019, Final Pretrial Conference.

For these reasons, the Court **DENIES** the request for redaction (Doc. 115).

**IT IS SO ORDERED.**
**DATED:   May 15, 2019**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**