IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN STEWART,

    Plaintiff,

v.

JOHN LAKIN, GARY BOST, and MIKE TASSONE,

    Defendants.

Case No. 15-cv-974-JPG-MAB

## MEMORANDUM AND ORDER

This matter comes before the Court on a variety of motions: plaintiff John Stewart's *pro se* motions for a new trial (Doc. 130) and for an extension of time to file a notice of appeal (Doc. 131), and Stewart's counsel's motion for leave to withdraw (Doc. 133).

### I. Motion to Withdraw as Counsel (Doc. 133).

The Court appointed counsel Amy J. Blaisdell to represent Stewart in the trial of this case (Docs. 70 & 72). Blaisdell, in turn, recruited assistance from her colleague Katherine L. Fechte (Doc. 74). Counsel competently represented Stewart at the trial of this matter, which concluded on June 18, 2019, when the jury rendered a verdict against Stewart. As the purpose for which counsel was appointed has been achieved, the Court will grant counsel's motion to withdraw (Doc. 133).

### II. Motion for New Trial (Doc. 130)

In a *pro se* motion, Stewart asks the Court to grant him a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(a). He claims the jury in his trial was biased because it knew he was incarcerated at the time of trial and used his background against him despite evidence clearly in his favor.

Federal Rule of Civil Procedure 59(a)(1)(A) allows the Court to grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." This includes where the verdict is against the manifest weight of the evidence, the damages are excessive, or the trial was unfair to the moving party. *Venson v. Alamirano*, 749 F.3d 641, 657 (7th Cir. 2014); *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004). A motion for a new trial must be filed within 28 days of entry of judgment. Fed. R. Civ. P. 59(b).

As a preliminary matter, Stewart's motion is timely. Judgment was entered in this case on June 18, 2019, so Stewart's motion deadline was 30 days later—July 16, 2019. The Court received and docketed the motion on that day, so even without factoring in the mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), the motion was timely.

Turning to the merits, the Court sees no evidence that the jury was biased because it knew Stewart was incarcerated at the time of trial and had committed other acts that it might view negatively. The Court did what it could to minimize the impact on the jury of knowing Stewart's status as an inmate. It allowed him to wear street clothes at trial to eliminate the visual impact of seeing a party in prison garb. Additionally, while it was acknowledged that Stewart was a prison inmate, neither party harped on Stewart's status to urge the jury to hold it against him.

The Court properly allowed the defendant to introduce the fact that Stewart had been convicted of aggravated discharge of a firearm (and prohibited introduction of his prior sex offense) for impeachment purposes under Federal Rule of Evidence 609, and it instructed the jury to consider that information *only* for the purposes of impeachment and not for any other purpose. Jurors are presumed to follow the Court's limiting instructions unless there is an overwhelming probability that it will not be able to do so. *Rodriguez v. Gossett*, 842 F.3d 531,

539 (7th Cir. 2016). Stewart has not convinced the Court that there was an overwhelming probability that the jury in his case could not limit its consideration of his prior conviction to impeachment.

Any other evidence introduced of Stewart's other prior bad conduct was properly admitted pursuant to the Federal Rules of Evidence.

In his motion, Stewart may also suggest the verdict was against the manifest weigh of the evidence. A verdict is against the manifest weight of the evidence only if, viewing the evidence in favor of the non-moving party, no rational jury could have rendered the verdict. *EEOC v. AutoZone, Inc.*, 809 F.3d 916, 919 (7th Cir. 2016). Stewart has not satisfied this standard. A reasonable jury could, and did, render a verdict against him.

For the foregoing reasons, the Court will deny Stewart's motion for a new trial pursuant to Rule 59(a).

**III.    Motion for Extension of Time to Appeal (Doc. 131)**

Stewart asks the Court for an extension of time to file a notice of appeal. He states he has limited access to the prison law library and needs additional time to prepare the necessary documents for an appeal.

Federal Rule of Appellate Procedure 4 sets forth the timing rules relating to notices of appeal. Rule 4(a)(1)(A) provides that, in a civil case, generally the notice of appeal must be filed within 30 days of entry of the judgment or order from which the appeal is taken. Where a party files a timely motion for a new trial under Rule 59, the appeal period does not begin to run until the Court rules on that motion. Fed. R. App. P. 4(a)(4)(A)(v).

Stewart filed a timely motion for a new trial, so his 30-day appeal period does not begin to run until entry of this order. Therefore, it does not appear Stewart is in need of an extension at

3

this time.  As the expiration of the appeal period approaches, if Stewart feels he needs more time, he may reapply for an extension under Federal Rule of Appellate Procedure 4(a)(5)(A).  .

**IV.     Conclusion**

For the foregoing reasons, the Court:

- **GRANTS** Stewart's counsel's motion for leave to withdraw (Doc. 133) and **DIRECTS** the Clerk of Court to terminate them as counsel in this case;

- **DENIES** Stewart's *pro se* motion for a new trial pursuant to Rule 59(a) (Doc. 130); and

- **DENIES without prejudice** Stewart's *pro se* motion for an extension of time to file a notice of appeal (Doc. 131).

**IT IS SO ORDERED.**
**DATED:  July 24, 2019**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**